IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHNNY LAROND PLUMMER                                                        PETITIONER

v.                                                       CIVIL ACTION NO. 4:11cv6-TSL-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS,                             RESPONDENTS
STATE OF MISSISSIPPI, AND K. REAGANS

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondents' [10] Motion to Dismiss Pursuant to § 2244(d). Having considered the motion, Petitioner's [11] response in opposition, Respondents' [12] reply, as well as Petitioner's own [13] reply, along with the record of this case and the applicable law, the undersigned recommends that Respondents' [10] Motion to Dismiss be granted, and that the [1] Petition of Johnny Larond Plummer for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.

## PROCEDURAL HISTORY

On December 16, 2003, Petitioner Johnny Larond Plummer ("Petitioner") pled guilty in the Circuit Court of Clarke County, Mississippi to the charge of statutory rape, and on the same date the trial court entered an Order Accepting Guilty Plea and Setting Date for Imposing Sentence. *See* [10]-1 (Petition to Enter Plea of Guilty); [10]-2 (Order). By order filed February 25, 2004, Petitioner was sentenced to serve a term of twenty (20) years in the custody of the Mississippi Department of Corrections with ten (10) years suspended and five (5) years post release supervision. *See* [10]-3.

On or about September 9, 2004, Petitioner filed a motion for post-conviction collateral

relief in the Circuit Court of Clarke County.  *See* [10]-4.[1]  By order signed and dated June 14, 2005, the Circuit Court of Clarke County dismissed Petitioner's motion.  *See* [10]-5.  On March 20, 2007, the Mississippi Court of Appeals affirmed the trial court's dismissal of Petitioner's motion for post-conviction collateral relief, and Petitioner's motion for rehearing was denied on July 31, 2007.  *See Plummer v. State*, 966 So. 2d 186 (Miss. Ct. App. 2007).[2]  His petition for writ of certiorari was denied by the Mississippi Supreme Court on October 4, 2007.  *See Plummer v. State*, 966 So. 2d 172 (Miss. 2007).[3]  *See also* [10]-8 (mandate summary).[4]

On January 3, 2008, Petitioner filed with the Circuit Court of Clarke County a Motion to Vacate Guilty Plea Petition.  *See* [10]-9.[5]  By order signed March 30, 2009, and filed March 31, the circuit court dismissed what it called a Motion for Post-Conviction Relief.[6]  The trial court

---

[1]The filed date stamp on the motion is November 3, 2004.  Mississippi follows the "mailbox rule" with respect to motions for post-conviction relief filed by *pro se* prisoners.  *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000).  The Fifth Circuit has held that application of the "mailbox rule" to state court filings is a matter of state law which the federal courts will respect.  *Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006).  The Court will give Petitioner the benefit of the doubt and assume that his motion for post-conviction relief was delivered to prison officials on the same day it was signed.

[2][10]-6.

[3][10]-7.

[4]Issuance of the mandate occurred October 25, 2007, which is the date Respondents use for calculations discussed *infra*.

[5]January 3 is the date it was signed by Petitioner; the filed date stamp on the motion is January 10, 2008.

[6]As Respondents note, "this order simply refers to [Petitioner's] motion as a petition for post-conviction collateral relief rather than as a motion to vacate Petitioner's guilty plea.  However, a comparison of the language of the order and the grounds raised in [Petitioner's] motion to vacate his guilty plea, make clear that the order is referring to that motion."  *See* [10] at p. 4, n. 3.

found:

> A comparison of the Petitioner's current Motion with that of his earlier Motion for Post Conviction Collateral Relief shows that the Petitioner has not asserted any new basis for relief in this matter. Additionally, the Petitioner has offered no evidence which would exempt this Motion for Post Conviction Collateral Relief from the successive writ bar. Merely reasserting a variation of a previously litigated matter does not exempt a litigant from the successive writ bar found in *Miss. Code Ann*. § 99-39-23, MCA. Therefore, the Court finds that the Motion is without merit and should be dismissed as frivolous.

[10]-10 at p. 3.

Shortly before the trial court's decision, Petitioner on March 13, 2009 signed an Application for Leave to Proceed in the Trial Court to the Mississippi Supreme Court.[7] The Supreme Court's date stamp indicates a filing date of March 17, 2009. Attached to the application was a Motion for Post-Conviction Collateral Relief. *See* [10]-11. A panel of the

---

[7]In addition, Petitioner submitted a document to the Mississippi Supreme Court entitled "Petition for Extraordinary Writ." *See* [10]-14 (signed January 15, 2009, filed January 20, 2009). A panel of the Mississippi Supreme Court interpreted this petition as a request "to compel the trial court to rule on a Motion to Vacate Guilty Plea filed in January, 2008." *See* [10]-15. The panel of the Mississippi Supreme Court dismissed this petition without prejudice, reasoning as follows: "In November, 2008, [Petitioner] submitted a request for a trial court decision to the Administrative Office of Courts pursuant to Rule 15 of the Rules of Appellate Procedure. Resolution of [Petitioner's] request is still pending in the Administrative Office of Courts. After due consideration, the panel finds that this Petition for Extraordinary Writ should be dismissed without prejudice pending notification of the trial court by the Administrative Office of Courts." *Id.* (signed March 11, 2009; filed March 12, 2009).

On April 8, 2009, the Chief Justice of the Mississippi Supreme Court entered an order that reads, in pertinent part: "This matter is before the undersigned Justice on the Notice to the Office of the Supreme Court Clerk Pursuant to M.R.A.P. 15 which was caused to be filed by [Petitioner]. As a result of said notice, Petitioner requests that this Court issue a writ of mandamus to compel the Circuit Court of Clarke County, Mississippi to rule on his motion for post-conviction relief. On or about March 31, 2009, the Circuit Court of Clark[e] County entered an order regarding this request. Accordingly, the undersigned Justice finds that the Notice to the Office of the Supreme Court Clerk Pursuant to M.R.A.P. 15 should be dismissed." *See* [10]-19.

Mississippi Supreme Court dismissed the application on May 20, 2009.  *See* [10]-12.[8]

Subsequently, on January 8, 2010, a presiding justice of the Mississippi Supreme Court dismissed the motion to reconsider.[9]  *See* [10]-13 (filed January 11, 2010).

In October 2010, Petitioner apparently submitted a Petition for Judicial Review to the Mississippi Supreme Court.  *See* [10]-16 (signed October 21, 2010).  On January 5, 2011, a panel of that court found "that this petition is in the nature of a motion for post-conviction collateral relief and is the third such motion for post-conviction relief filed by [Petitioner]. . . The panel finds that the present motion is procedurally barred as a successive writ and does not meet any of the exceptions to the bar.  *Miss. Code Ann.* § 99-39-27(9).  Accordingly, the application should be dismissed as a successive writ."  *See* [10]-17 (filed January 6, 2011).

Plummer filed the instant federal Petition for Writ of Habeas Corpus [1] on January 13, 2011.[10]  Respondents contend that the Petition should be dismissed as untimely and that there are no rare and exceptional circumstances to warrant equitable tolling.[11]

---

[8]The court's panel found "that the present application is procedurally barred as a successive writ and does not meet any of the exceptions to the bar.  *Miss. Code Ann.* § 99-39-27(9)."

[9]The justice found "that motions for reconsideration on motions for post-conviction relief are not allowed, pursuant to Rule 27(h) of the *Rules of Appellate Procedure*."

[10]Under the "mailbox rule," Petitioner's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this Court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  The [1] Petition shows that it was placed in the prison's mailing system on January 13, 2011.  The postmark on the envelope containing the habeas petition is January 14, 2011.  The matter was filed in this Court January 18.

[11]Petitioner filed an earlier federal habeas petition in May 2008.  *See Plummer v. Byrd*, No. 4:08cv46, 2009 WL 711935 (S.D. Miss. Feb. 11, 2009).  The United States Magistrate Judge recommended that the petition be dismissed without prejudice.  This particular cause of action was filed at a time that the January 3, 2008 Motion to Vacate Guilty Plea was still pending in the

**DISCUSSION**

**I.**

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  Alternatively, the time begins to run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).  "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . .".  28 U.S.C. § 2244(d)(2) (emphasis added).

As stated above, Petitioner pled guilty to statutory rape and was sentenced by the trial court on February 25, 2004.  While direct appeals from guilty pleas are prohibited under state law, Petitioner could have appealed an alleged illegal sentence within thirty days of the trial court's final judgment and sentence.[12]  Accordingly, Petitioner's's judgment became final–and

---

Circuit Court of Clarke County (which Petitioner disputed was the case).  The United States Magistrate Judge found that the habeas petition should be dismissed for failure to exhaust.  This Report and Recommendation was adopted by the United States District Judge March 9, 2009.  The Judgment dismissing the matter without prejudice for failure to exhaust was entered the same day.  This Report and Recommendation will be discussed further *infra*.

[12]At the time of Petitioner's plea, Mississippi law allowed a defendant to appeal an illegal sentence, as opposed to a guilty plea.  *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977).  *See also Ramage v. Thornton*, 2007 WL

the statute of limitations for federal habeas relief began to run–on March 26, 2004, giving him until March 28, 2005[13] to file his petition. Petitioner did not file his current federal petition until, at the earliest, January 13, 2011, approximately five years and nine months after his deadline. Thus, Petitioner's petition is barred by the statute of limitations unless he is entitled to either statutory or equitable tolling.

## II.

Whether statutory tolling occurred during the period between Petitioner's judgment becoming final on March 26, 2004 and the filing of his federal habeas petition on January 13, 2011 is first determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a *properly filed* application for State post-conviction or other collateral review" remains pending. (Emphasis added).

As mentioned *supra*, Petitioner filed two motions for post-conviction relief in the state trial court. The first petition was filed on September 9, 2004. That application was denied by the trial court on June 14, 2005. On March 20, 2007, the Mississippi Court of Appeals affirmed the lower court, followed on July 31, 2007 by a denial of a motion for rehearing. The Mississippi

---

1087485, at *2 (S.D. Miss. 2007). The Mississippi Court of Appeals has since recognized that this exception no longer applies due to the amendment of Miss. Code Ann. § 99-35-101, effective July 1, 2008. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that Miss. Code Ann. § 99-35-101 (Supp. 2009), was amended effective July 1, 2008, to prohibit any direct appeal upon entry of a guilty plea, but recognizing that "prior to the amendment of the statute, a defendant, who entered a guilty plea and was sentenced, was allowed to challenge on direct appeal any sentence imposed as a result of his guilty plea"). Petitioner acknowledges this rule: "I didn't file a direct appeal in this case because I entered a plea of guilty, but I filed a post-conviction." [1] at p. 7 of 62.

[13]As Respondents correctly note, March 26, 2005 fell on a Saturday, and they acknowledge that Petitioner is entitled to extend the statute of limitations to the next working day, which is March 28. [10] at p.3, n.2.

Supreme Court denied a petition for writ of certiorari on October 4, 2007, with mandate issuing three weeks later on October 25.  Therefore, the limitations period was tolled for a period of approximately 1,141 days–the number of days that Petitioner's application was pending between September 9, 2004 and October 25, 2007–thereby making his federal petition due on or before May 12, 2008 (March 28, 2005 plus 1,141 days).

The second petition, styled as a Motion to Vacate Guilty Plea Petition, was filed January 3, 2008 in the Circuit Court of Clarke County.  A ruling adverse to Petitioner was issued March 30, 2009 and filed the next day.  This decision was not appealed.  According to Respondents, because this motion was treated as a post-conviction relief motion and was filed within the federal limitations period, Petitioner is entitled to statutory tolling for the period during which this petition was pending.  Respondents concede that this entitles Petitioner to additional time for statutory tolling, making the federal habeas petition due on or before August 8, 2009.[14] Respondents maintain that this is all the additional time afforded Petitioner and, because the instant petition was not filed until January 13, 2011, it is time-barred.

Respondents address other motions filed by Petitioner, and submit that they should not be considered for purposes of statutory tolling.  These include the March 13, 2009 Application to Proceed in the Trial Court filed in the Mississippi Supreme Court,[15] which was dismissed as a

---

[14]Respondents calculate this date to be August 7, 2009, with a calculation of 452 additional days.  They use March 30, 2009 as the date of this petition's dismissal (the day it was signed), while the undersigned uses March 31 (the day it was filed).  This accounts for the one-day discrepancy.  The August 8, 2009 date is reached by adding 453 days to May 12, 2008, the date on which the federal petition was originally due based on the first properly filed application in state court.

[15]This was filed prior to the circuit court's March 31, 2009 denial of Petitioner's second properly filed post-conviction application.  The Supreme Court's dismissal of this application did

7

successive writ on May 20, 2009,[16] and the October 21, 2010 Petition for Judicial Review, also filed with the Mississippi Supreme Court.[17]

With respect to the former, Respondents argue that it was not a "properly filed" application under the AEDPA, relying on Miss. Code Ann. § 99-39-7. This section provides, in pertinent part, as follows: "The motion under this article [the Mississippi Uniform Post-Conviction Collateral Relief Act] shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed." The Respondents' argument is that because Petitioner pled guilty and did not appeal to the Mississippi Supreme Court on direct appeal, the proper venue for Petitioner's post-conviction collateral relief request was the state trial court, thereby rendering original submissions to the Mississippi Supreme Court improperly filed.

In *Artuz v. Bennett*, 531 U.S. 4 (2000), the United States Supreme Court observed that an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, *the court and office in which it must be lodged*,

---

not refer to the trial court's decision.

[16]This order in turn did not mention the Supreme Court's order of April 8, 2009, which dismissed a petition for writ of mandamus based on the trial court's March 31, 2009 decision.

[17]Respondents also discuss the January 15, 2009 Petition for Extraordinary Writ, which was ruled upon March 11, 2009. This ruling also occurred before the Circuit Court of Clarke County's March 31, 2009 decision. This January 15 petition, as well as other requests by Petitioner to the Mississippi Supreme Court aimed at obtaining decisions by the trial court on post-conviction collateral relief, are not relevant to the § 2244(d) analysis.

and the requisite filing fee." *Id.* at 8 (footnote and citations omitted; emphasis added).  The United States Court of Appeals for the Fifth Circuit "interpret[s] the words 'properly filed' narrowly . . . Thus, a properly filed application must meet all procedural requirements." *Lookingbill v. Cockrell*, 293 F.3d 256, 260-61 (5th Cir. 2002), *cert. denied*, 537 U. S. 1116 (2003).

*Jackson v. State*, 67 So. 3d 725 (Miss. 2011), is illustrative.  In *Jackson*, the Mississippi Supreme Court vacated its denials of post-conviction collateral relief requests where the petitioner had pled guilty and was not entitled to directly appeal his conviction or sentence.  As here, the petitioner in *Jackson* filed multiple applications in the Mississippi Supreme Court for leave to proceed in the trial court.  Also as here, the Mississippi Supreme Court treated those applications on the ground that they were impermissible successive writs.  That court found that it "was without jurisdiction to consider [petitioner's] . . . applications for leave to proceed in the trial court, because [petitioner's] conviction and sentence were never directly appealed." *Id.* at 730-31 (citing Miss. Code Ann. § 99-39-7).  The court went on to observe: "Put simply, the fatal flaw in [petitioner's applications for leave to proceed in the trial court] was not that they were successive writs, but that they were *filed in the wrong court*." 67 So. 3d at 731 (emphasis added).[18]

---

[18]The court determined that it "should have merely *dismissed* the applications without prejudice for being filed in the wrong court and directed [petitioner] to file his PCR motions in the trial court . . . We routinely dismiss mistakenly filed applications, but such action by this Court does not strip the trial court of jurisdiction." 67 So. 3d at 731 (citation omitted; emphasis in original).

The same reasoning applies to the instant case;[19] accordingly, Petitioner's March 13, 2009 application to the Mississippi Supreme Court to proceed in the trial court was not properly filed, i.e., it was filed in the wrong court, and does not serve to toll the federal statute of limitations.[20]

The October 21, 2010 Petition for Judicial Review to the Mississippi Supreme Court does not toll the statute of limitations because it was also improperly filed. More importantly, it was filed after the statute of limitations for habeas corpus relief had run. In sum, Petitioner is not entitled to further statutory tolling, and he did not timely file the current [1] Petition.

Petitioner attacks the circumstances surrounding his guilty plea. The most common theme of his arguments is that a fundamental miscarriage of justice will occur if the Court does not review his petition. The Court has attempted to liberally construe the petition and arguments to identify the relevant issues. For example, Petitioner may be arguing that a state-created impediment exists because he alludes to a delay in obtaining a transcript of the original trial proceedings and other state court records.[21] However, it appears that he received a copy of the transcript of state court proceedings and records at least as early as 2006. *See, e.g.*, [1] Petition at

---

[19]In the instant case, the successive applications were dismissed–not denied–by the Mississippi Supreme Court. That distinction does not change the fact that the relevant applications were not properly filed.

[20]Respondents further observe that even if Petitioner were entitled to tolling for part of the time this application was pending, the part attributable to the time his motion for reconsideration was filed and ultimately denied does not toll the statute as the Mississippi Rules of Appellate Procedure do not allow motions for reconsideration of motions for post-conviction relief.

[21]Included in the record is an order by a justice of the Mississippi Supreme Court, dated April 4, 2006, dismissing Petitioner's request to "compel the Circuit Court of Clarke County, Mississippi to rule on his Motion for Records and Transcripts." The justice found that "Petitioner has failed to provide any proof that the motion has actually been filed with, or is pending in, the circuit court. Additionally, [Petitioner's] petition states that the trial court ruled on a similar motion on January 31, 2005." [10]-18.

p. 7 of 62.[22]  Nevertheless, "problems associated with obtaining transcripts and trial records for preparing a habeas corpus petition do not amount to 'state-created impediments,' setting off the commencement date of the limitations period." *Cole v. Director, TDCJ-CID*, 2009 WL 1468470, at *2 (E.D. Tex. 2009) (citing *Lloyd v. Vannatta*, 296 F.3d 630, 632-33 (7th Cir. 2002); *Randolph v. Taylor*, 69 Fed. Appx. 824, 825 (9th Cir. 2003); *Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002); *Crawford v. Costello*, 27 Fed. Appx. 57 (2d Cir. 2001)).

Petitioner does not explain how these materials would have been necessary for filing the instant petition or have any bearing on its timeliness.  Petitioner certainly was able to file multiple applications for relief in state court, and even a previous one in this Court in addition to the instant one.  Thus, Petitioner has failed to establish the applicability of the state-created impediment exception.  *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006), *cert. denied*, 551 U. S. 1149 (2007) (rejecting petitioner's argument that state's delay in providing records to him constituted state-created impediment where petitioner "failed to explain why the documents held by the state were necessary to pursue his federal claim and he also did not show diligent pursuit of his claims even after receiving the materials").

## II.

To the extent that the arguments set forth by Petitioner can be construed as invoking the doctrine of equitable tolling,, the Court will briefly address this issue.  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights . . .".  *Ott v. Johnson*, 192 F.3d

---

[22]In the September 9, 2004 petition, Petitioner makes specific reference to the "Transcript of State v. Johnny Plummer December 16, 2003 Plea Hearing and February 25, 2004 Sentencing Hearing Cause No. 2003-125." [10]-4 a p. 25 of 64.

510, 513 (5th Cir. 1999) (citation omitted). It is permitted only "in rare and exceptional circumstances." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Even excusable neglect will not suffice. *Ott*, 192 F.3d at 513-14. The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Id*. (quoting *Davis*, 158 F.3d at 811).

Petitioner has not established the existence of rare and exceptional circumstances which warrant equitable tolling. He has certainly not shown that he was actively misled by Respondents.

In the context of equitable tolling, an inmate's lack of access to his state court records[23] does not present an "exceptional circumstance" to warrant equitable tolling. *See Cofer v. Johnson*, 226 F.3d 643, at *1 (5th Cir. 2000) (*per curiam*) (rejecting claim for equitable tolling based on delay in receiving a copy of state court records); *Bishop v. Quarterman*, 2007 WL 1567095, at *4 (S.D. Tex. 2007) (citing *Roughley v. Cockrell*, 45 Fed. Appx. 326 (5th Cir. 2002) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records)); *Kiser v. Dretke*, 2004 WL 2331592 (N.D. Tex. 2004) (holding that "[d]ifficulty

---

[23]It is not altogether clear that Petitioner makes such a claim. The Court addresses it in the interest of completeness.

obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling"), *Report and Recommendation adopted by* 2004 WL 2549174 (N.D. Tex. 2004)).

Further, a prerequisite to the application of the equitable tolling doctrine is a showing that the petitioner has "diligently pursue[d] § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citations omitted). *See also Seeling v. Abram*, 2010 WL 4038602, at *2-3 (S.D. Miss. 2010) (summarizing law on equitable tolling and lack of due diligence by petitioner; case involved claim of an illegal sentence), *Report and Recommendation adopted by* 2010 WL 4021913 (S.D. Miss. 2010)). In her Report and Recommendation on Petitioner's original federal habeas petition, *see supra* n.11, the United States Magistrate Judge advised Petitioner

> that assuming his motion to vacate [filed in the Circuit Court of Clarke County on January 3, 2008] is treated as a 'properly filed' state court post-conviction motion that tolls the one-year statute of limitations under 28 U.S.C. § 2244(d), . . . he ***must act diligently*** once the state court has issued a ruling on his motion to vacate. A limited available time exists in which to file a subsequent habeas petition after the state's highest court has issued its ruling . . . The filing of the instant habeas corpus petition ***does not toll*** the one-year statute of limitations.

2009 WL 711935, at *3 (citations omitted; emphasis in original).[24]

Judgment was entered in Petitioner's prior federal habeas case on March 9, 2009, *see supra* n.11, while an adverse ruling was entered in the associated state court matter–which was

---

[24] The Magistrate Judge noted that "Respondents do not concede that the motion to vacate is a properly filed state court post conviction motion which tolls the one-year statute of limitations mandated by AEDPA, and further acknowledges their request that the instant motion [to dismiss for failure to exhaust] not be treated as a waiver to raise this objection in the future." 2009 WL 711935 at *3. Although Respondents now claim that Petitioner's January 3, 2008 Motion should operate to toll the federal statute, that does not change the outcome of the instant federal petition, as discussed herein.

the subject of the failure to exhaust decision–on March 30, 2009. As discussed *supra*, the federal statute of limitations was tolled to August 8, 2009, yet Petitioner, in spite of the Magistrate Judge's clear warning, waited until January 13, 2011 to file the instant petition. Therefore, equitable tolling is not appropriate.

Likewise, Petitioner's *pro se* status and lack of legal training are of no avail to him. "It is well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well versed in the law." *Bishop v. Quarterman*, 2007 WL 1567095, at *4 (S.D. Tex. 2007) (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)).

Finally, inasmuch as Petitioner argues that barring his petition as untimely would constitute a fundamental miscarriage of justice, this principle is analyzed in terms of actual innocence. *See generally Henderson v. Thaler*, 626 F.3d 773 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2961, 180 L. Ed. 2d 250 (2011); *Starns v. Bingham*, 2007 WL 954742, at *3 (S.D. Miss. 2007) (fundamental miscarriage of justice claim discussed in connection with equitable tolling and actual innocence).

The Fifth Circuit has held that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder*, 204 F.3d at 171. The court did, however, leave open the possibility that a *showing* of actual innocence might warrant equitable tolling. *Id.* at 171 n.8; *see also Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

In *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002), *cert. denied*, 539 U. S. 918 (2003), the Fifth Circuit stated:

The one-year limitations period established by § 2244(d) contains no explicit exemption

> for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. We have previously held that they do not. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Therefore, Cousin's claims of innocence do not preclude the dismissal of his petition as untimely.

310 F.3d at 849. In the instant case, Petitioner has failed to make a showing of actual innocence.

## CONCLUSION

Petitioner's federal petition for a writ of habeas corpus presently before the Court was filed approximately seventeen months after the deadline passed. This Court concludes that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because Petitioner did not file his federal petition until January 13, 2011, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this Court that Respondents' [10] Motion to Dismiss Pursuant to § 2244(d) be granted and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions,

and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).[25]

THIS the 16th day of December, 2011.

s/Michael T. Parker<br>United States Magistrate Judge

---

[25]*Douglass* referred to the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.